OPINION
{¶ 1} Defendant, Keith Johnson, appeals from his conviction and sentence for public indecency.
 {¶ 2} On the afternoon of August 9, 2005, Sergeant Brian Johns of the Dayton police department, who supervises the vice crimes unit, and two other members of the vice crimes unit, Raymond St. Clair and Thomas Harshman, were on plain clothes patrol in Triangle Park in Dayton, looking for acts of public indecency. Around 6:30 p.m., Sergeant Johns observed Defendant pull into the park in his vehicle. At the time Sergeant Johns was sitting inside his vehicle in the parking lot. Defendant stared at Sergeant Johns as he drove past him. There were other vehicles in the parking lot and other people out in the park.
 {¶ 3} After Defendant parked and exited his vehicle, he began to walk toward the restroom. As he did so he looked back twice and stared at Sergeant Johns. Instead of entering the restroom, Defendant walked around the building and then walked over to a nearby shelter house and stood around. At that point Sergeant Johns exited his vehicle and entered the restroom. Seconds later, Defendant entered the restroom behind Sergeant Johns. Defendant stood at a urinal next to Sergeant Johns. There are no partitions between the urinals. Sergeant Johns then observed Defendant take out his semi-erect penis, place his right hand around it, and masturbate by moving his hand up and down while staring at Sergeant Johns' groin. This went on for ten or fifteen seconds, after which Sergeant Johns left the restroom.
 {¶ 4} Sergeant Johns immediately advised the other two officers on patrol in the park, St. Clair and Harshman, about Defendant's conduct and that he would be arrested. A minute or so after Sergeant Johns exited the restroom, Defendant came out, walked over to the shelter house where he spoke to another man, and then walked over to his vehicle and got inside. Police stopped and arrested Defendant before he could leave the park. While there was nobody in the restroom with Defendant and Sergeant Johns during this incident, there were other people in that area of the park, and there were no locks on the restroom doors so that anyone could enter at anytime.
 {¶ 5} Defendant was charged by complaint in Dayton Municipal Court with two counts of public indecency, one in violation of R.C. 2907.09(A)(1) and the other in violation of R.C.2907.09(A)(3). The matter was tried to the court. At trial Defendant denied masturbating and explained that he has problems with his prostate and urination, and that he was "trying to shake it and urinate." The trial court found Defendant guilty of both counts of public indecency as charged in the complaints. The court merged the two offenses and only imposed sentence on only one count, the violation of R.C. 2907.09(A)(1). The trial court sentenced Defendant to thirty days in jail, all suspended, a one hundred dollar fine, and one year of supervised probation followed by two years of unsupervised probation.
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE APPELLANT'S CONVICTION FOR PUBLIC INDECENCY R.C.2907.09(A)(1) IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR
 {¶ 8} "THE APPELLANT'S CONVICTION FOR PUBLIC INDECENCY R.C.2907.09(A)(3) IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 11} Defendant was found guilty of public indecency in violation of R.C. 2907.09(A)(1) and (A)(3), which provide:
 {¶ 12} "(A) No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household:
 {¶ 13} "(1) Expose his or her private parts;
 * * * {¶ 14} "(3) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation."
 {¶ 15} Recklessly is defined in R.C. 2901.22:
 {¶ 16} "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 17} Defendant argues that the evidence demonstrating that he exposed his private parts while standing in front of a urinal in a public restroom is legally insufficient to sustain his conviction because urinating does not constitute public indecency. Defendant's argument, however, overlooks the reckless manner in which Defendant exposed his private parts, and the fact that he did not urinate but rather masturbated.
 {¶ 18} The evidence presented by the State, if believed, demonstrates that Sergeant Johns observed Defendant unzip his pants, remove his semi-erect penis, wrap the fingers of his right hand around his penis and masturbate by moving his hand up and down while staring at Sergeant Johns' groin. That conduct, which went on for ten or fifteen seconds, involves far more objectionable behavior than that ordinarily involved in urinating, and it clearly constitutes a reckless exposure of private parts that would likely affront others who are likely to view it. State v. Roberts (May 3, 2002), Montgomery App. No. 19035.
 {¶ 19} Furthermore, although Defendant and Sergeant Johns were the only two people in the restroom at the time, Sergeant Johns clearly observed Defendant's behavior, and the circumstances were such that others were likely to view Defendant's conduct because there were other people in that area of the park, near the restroom which was open to the public. The doors to this public restroom were unlocked and open, and there were no partitions between the urinals. Thus, other park patrons entering that public restroom would likely view and likely be affronted by Defendant's conduct in openly masturbating. SeeState v. Johnson (1987), 42 Ohio App.3d 81; State v. Roberts,supra.
 {¶ 20} Defendant also claims that there is no evidence that he attained any sexual gratification by his conduct. In City ofColumbus v. Heck (Nov. 9, 1999), Franklin App. No. 98AP-1384, the Court of Appeals defined masturbation as "the manipulation of genital organs for sexual gratification by means other than sexual intercourse." Neither that definition nor the common, ordinary meaning of the term masturbation requires any expressed or observed sexual gratification that indicates the individual is finding pleasure. Rather, sexual gratification is the motivation for engaging in that behavior. That motive reasonably can be inferred whenever a person engages in that conduct, as Defendant did here.
 {¶ 21} The evidence in this case, when construed in a light most favorable to the State, is such that a rational trier of facts could find all of the essential elements of public indecency proved beyond a reasonable doubt. Defendant's convictions are supported by legally sufficient evidence.
 {¶ 22} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 23} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 24} The credibility of the witnesses and the weight to be given to their testimony is a matter for the trier of facts to resolve. State v. DeHass (1967), 10 Ohio St.2d 230. In Statev. Lawson (August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 25} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 26} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 27} By its guilty verdicts the trial court, sitting as the trier of facts, obviously chose to believe the State's witness that Defendant masturbated in the public restroom at Triangle Park, rather than Defendant, who denied masturbating and claimed that he has problems urinating and was trying to "shake it and urinate." The trial court did not lose its way simply because it chose to believe the State's version of these events, which it has a right to do. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to determine. DeHass, supra.
 {¶ 28} Reviewing the record as a whole, we cannot clearly find that the evidence weighs heavily against a conviction, that the trier of facts lost its way, or that a manifest miscarriage of justice occurred. Defendant's convictions are therefore not against the manifest weight of the evidence.
 {¶ 29} Defendant's first and second assignments of error are overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 30} "THE COURT FAILED TO INDICATE FOR WHICH OFFENSE IT SENTENCED THE APPELLANT."
 {¶ 31} Although the trial court found Defendant guilty of both counts of public indecency, it merged those two offenses and imposed sentence on only one charge. Defendant complains that the record does not indicate on which charge the trial court sentenced him. We disagree. A careful review of the record in this case, specifically the journal entries, reveals that the trial court sentenced Defendant for a violation of R.C.2907.09(A)(1). No sentence was imposed for the violation of R.C.2907.09(A)(3).
 {¶ 32} Defendant's third assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. And Donovan, J., concur.