OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of T.E., filed March 28, 2006. On January 19, 2006, T.E., a minor, was adjudged delinquent in Hamilton County Juvenile Court for the offense of robbery, in violation of R.C. 2911.02, a felony of the third degree. The matter was transferred to Montgomery County Juvenile Court for sentencing, pursuant to Juv. R. 11, because T.E.'s residence is in Montgomery County. The trial court committed T.E. to the legal custody of the Department of Youth Services for a minimum period of six months and a maximum period not to exceed T.E.'s 21st birthday.
 {¶ 2} The events giving rise to this matter occurred on December 18, 2005, at which time T.E. was a resident of a group home in Cincinnati, Ohio. T.E. and another resident, P.W., entered the apartment of a third resident, D.P., and exchanged words about recent alleged thefts in the building. T.E. then punched D.P. in the face as D.P. stood in his bathroom. P.W. kicked D.P., causing him to fall into the bathtub. P.W. held D.P. down while T.E. went through his pockets. D.P. testified that T.E. took D.P.'s cell phone and that P.W. took D.P.'s bus card. The following day, D.P.'s roommate, who witnessed the assault, reported the event to the apartment manager, and the police were contacted.
 {¶ 3} T.E. and P.W. were tried together, and each was charged with two counts of robbery, one involving D.P. and one involving another alleged victim. After the State rested, T.E. moved for acquittal, and the State granted his motion with respect to the second alleged victim and denied the motion as to D.P.
 {¶ 4} T.E. asserts four assignments of error. The first and second assignments of error are as follows:
 {¶ 5} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR AN ACQUITTAL ON THE CHARGE OF COMMITTING A ROBBERY AGAINST DP."
 {¶ 6} And,
 {¶ 7} "THE TRIAL COURT ERRED BY FINDING T.E. RESPONSIBLE FOR ROBBERY SINCE THAT FINDING WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 8} The standards for examining a motion for acquittal and a challenge to the sufficiency of the evidence are essentially the same. "When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. (Internal citations omitted). The motion will be granted only when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense. (Internal citations omitted).
 {¶ 9} "A Crim R. 29 motion challenges the legal sufficiency of the evidence. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. (Internal citations omitted). The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks
(1991), 61 Ohio St.3d 259:
 {¶ 10} "`An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Carter, Montgomery App. No. 21145,2006-Ohio-2823.
 {¶ 11} "The credibility of the witnesses and the weight to be given to their testimony is a matter for the trier of facts to resolve." State v. Johnson, Montgomery App. No. 21335,2006-Ohio-4935.
 {¶ 12} A robbery occurs when a person, "in attempting or committing a theft offense * * * [u]se[s] or threaten[s] the immediate use of force against another." R.C. 2911.02.
 {¶ 13} D.P clearly testified that T.E. took his cell phone from D.P.'s pocket during an assault. D.P's roommate, William Meyers, also testified to witnessing T.E. assault D.P. The responding police officer, Officer Swingley, testified as to D.P's visible injuries.
 {¶ 14} T.E. concedes that he assaulted D.P., but he argues that "the evidence did not support a finding that a theft offense occurred during the assault." According to T.E., "there is evidence that D.P. fabricated his testimony * * * [as] demonstrated by the many discrepancies, and irregularity, in the proceedings." T.E. refers us to D.P.'s testimony on cross that D.P. had two cell phones taken from him on December 18, 2005. On redirect, however, D.P. testified that he only had one phone on his person at the time of the assault, and that T.E. took that phone from his pocket.
 {¶ 15} It is the trial court's role to assess the credibility of each witness and weigh the testimony accordingly. Viewing the evidence in a light most favorable to the State, D.P.'s testimony that T.E. took his cell phone while using force against him, if believed, would convince the average mind of T.E.'s guilt of robbery beyond a reasonable doubt. The trial court did not err in overruling T.E.'s motion for acquittal as to T.E., and sufficient evidence exists to support the trial court's adjudication of delinquency of T.E. for robbery. T.E.'s first and second assignments of error are overruled.
 {¶ 16} T.E.'s third assignment of error is as follows:
 {¶ 17} "THE TRIAL COURT ERRED BY FINDING T.E. RESPONSIBLE FOR ROBBERY SINCE THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." "A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. (Internal citations omitted). The proper test to apply to that inquiry is the one set forth in State v. Martin
(1983), 20 Ohio App.3d 172, 175: `the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost it way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' (Internal citation omitted). The credibility of the witnesses and the weight to be given to their testimony is a matter for the trier of facts to resolve. (Internal citation omitted). * * * `[b]ecause the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness.' * * * This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict." Johnson.
 {¶ 18} T.E. again argues that "The only evidence in the record that a cell phone * * * was taken from D.P. is D.P's own testimony. This testimony is not supported by any other evidence. To wit, no one else saw T.E. take the cell phone, and D.P.'s testimony was contradicted and not credible."
 {¶ 19} Having reviewed the entire record and all reasonable inferences, and extending substantial deference to the trial court's determinations of D.P's credibility, we cannot conclude that T.E.'s adjudication of delinquency for robbery was against the manifest weight of the evidence. The trial court saw and heard D.P. testify that T.E. assaulted him and took his cell phone, and it is not established that the court lost its way. T.E.'s third assignment of error is overruled.
 {¶ 20} T.E.'s fourth assignment of error is as follows:
 {¶ 21} "APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL WILLIE COVINGTON AND APPELLANT AS WITNESSES AT TRIAL."
 {¶ 22} "We evaluate claims of ineffective assistance of counsel under the two-part test provided in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. `In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different.'" State v. Jamison, Montgomery App. No. 21165,2006-Ohio-4933. "A properly licensed attorney is presumed competent and the defendant bears the burden of showing ineffective assistance of counsel. * * * Judicial scrutiny of counsel's performance must be highly deferential. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. (Internal citations omitted). A defendant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. (Internal citation omitted). Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. The mere failure to subpoena witnesses for a trial is not a substantial violation of defense counsel's essential duty absent a showing of prejudice." State v. Coulter (1992),75 Ohio St.3d 219, 229, 598 N.E.2d 1324.
 {¶ 23} According to T.E., "[g]iven that the only testimony at trial regarding the theft was the flimsy and suspect testimony of D.P., Appellant asserts that there is a reasonable probability that the outcome of the trial could have been different had he and Willie Covington testified as to the alleged theft offense." Covington is another resident of the group home.
 {¶ 24} T.E. does not assert how his and Covington's testimony would have altered the outcome of the trial. Had T.E. been called, he would have been subject to cross-examination by the State. Given the consistent testimony of D.P., Meyers and Officer Swingley, T.E.'s testimony would have limited value at best. Most importantly as to Covington, there is no proffer in the record suggesting he was even present in T.E.'s apartment at the time of the robbery. The testimony of D.P. and Meyers makes clear that neither of them saw Covington in D.P.'s apartment. Counsel's strategic decision not to call T.E. or Covington as witnesses did not deprive T.E. of effective assistance of counsel. T.E.'s fourth assignment of error is overruled. Judgment affirmed.
Wolff, J. and Walters, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).