OPINION
{¶ 1} Defendant-appellant, Jeffrey E. Gray, was charged with assault, a violation of Columbus City Code 2303.13, and domestic violence, a violation of R.C. 2919.25. After a bench trial, appellant was found guilty of both charges. He was sentenced on the domestic violence count to 180 days of incarceration, of which he was credited with two days served, 177 days were suspended on the condition that he *Page 2 
successfully complete one year of reporting probation, leaving one day to be served. The trial court also ordered appellant to pay court costs of $150.
 {¶ 2} Appellant filed a notice of appeal and raises the following assignments of error:
 FIRST ASSIGNMENT OF ERROR
 The trial court erred in admitting two 911 calls to the police in an effort to bolster the testimony of the alleged victim. This violated Rules 801 and 802 of the Ohio Rules of Evidence.
 SECOND ASSIGNMENT OF ERROR
 There was insufficient evidence to support the guilty verdict, and the verdict was against the manifest weight of the evidence, thereby, depriving Appellant of his due process protections under that state and federal Constitutions.
 {¶ 3} The charges arose out of an incident which occurred on August 7, 2005. The first witness to testify was Columbus Police Officer Zachary Weekley, who stated that, on that date, he responded to a domestic violence incident, interviewed the victim, Melinda Gray, and took photos of a bruise on her right eye. After the interview, he filed charges against appellant.
 {¶ 4} Melinda Gray testified that she was married to appellant, but in the process of divorcing him. At the time of the incident, appellant was returning their two children after weekend visitation. Melinda and the children were standing on the porch and appellant was in the yard. Appellant asked Melinda about a gun he owned and wanted returned, but she stated she had given it to someone for safe keeping. He was angry and they were fighting. Appellant told Melinda that their daughter, who was two years old, had an accident and wet pants. Melinda was angry because this was not the first time appellant had returned their daughter with wet pants. Melinda bent over to *Page 3 
check her daughter's pants and was struck on the right side of her face. Appellant was standing in the yard, approximately one to one-and-a-half feet away from her. Appellant ran and entered the passenger seat of the vehicle and his girlfriend drove away. Melinda went inside and called 911. A few minutes later she called back to cancel the medic because she realized she could treat her injuries herself.
 {¶ 5} Donna Hall, appellant's girlfriend, testified. She was driving the car and stayed in the car while appellant took his children to the porch. They usually return the children between 6:00 and 6:30 p.m., but appellant needed to drive to Chillicothe to pick up his brother so he called Melinda to arrange to drop off the children early. They stopped at McDonald's on the way and arrived at Melinda's house between 4:00 and 4:30 p.m. Appellant carried his daughter to the porch and asked Melinda about a gun he owned. Melinda said something back to him but he walked away and got back into the car. As they drove away, Melinda yelled: " `Watch out, he'll hit you.' " (Tr. at 74.) Donna did not see appellant strike Melinda or touch her.
 {¶ 6} Finally, appellant testified. He stated that he talked to Melinda about bringing the children back early and he arrived between 4:00 and 4:30 p.m. He placed his daughter on the porch and told Melinda she had wet pants and asked about his gun. They had a small argument about the gun, but "[i]t wasn't heated that bad where anybody was struck[,]" and then he left. (Tr. at 82.) He stated that he did not go onto the porch and did not hit Melinda.
 {¶ 7} By the first assignment of error, appellant contends that the trial court erred in admitting two 911 calls to the police in violation of Evid.R. 801 and 802. The trial court has broad discretion in the admission or exclusion of evidence and, in the *Page 4 
absence of an abuse of discretion which results in material prejudice to a defendant, an appellate court should be slow to reverse evidentiary rulings. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} At trial, appellant's initial objection was based upon hearsay.[1] The trial court determined that the 911 call was not hearsay, but that it was admissible as a recording under Article V of the Ohio Rules of Evidence, contents of writing, recordings and photographs, and, since it was authenticated, it was admissible. (Tr. at 28.) The trial court found the statement did not constitute a present sense impression, excited utterance or mental or other physical condition exception to the hearsay rule. (Tr. at 29.) Melinda testified that the voice in the 911 call was hers and the recording was a fair and accurate representation of the call she made immediately after being struck. (Tr. at 30-31.) While we disagree with the trial court's stated basis for admitting the calls, we find that the trial court did not err in admitting them.
 {¶ 9} Hearsay is defined in Evid.R. 801(C) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 803 provides exceptions to the hearsay, including excited utterances, as follows:
 (2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. *Page 5 
 {¶ 10} In State v. Taylor (1993), 66 Ohio St.3d 295, 300-301, the Ohio Supreme Court outlined the requirements for admission of evidence as an excited utterance, as set forth in Potter v. Baker (1955),162 Ohio St. 488, as follows:
 "Such testimony as to a statement or declaration may be admissible under an exception to the hearsay rule for spontaneous exclamations where the trial judge reasonably finds (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration." (Emphasis sic.) * * *
 {¶ 11} Melinda's first telephone call meets these requirements. The assault constitutes a startling event and the telephone call was made within a couple minutes of the assault, before there was time for such nervous excitement to lose domination over her reflective faculties. The statement related to the startling occurrence and Melinda had an opportunity to personally observe the matters asserted in her statement. The telephone call fits within the excited utterance hearsay exception and is admissible. 911 calls are generally admissible as excited utterances or present sense impressions. See State v. Banks, Franklin App. No. 03AP-1286, 2004-Ohio-6522; State v. Holloway, Franklin App. No. 02AP-984, 2003-Ohio-3298. *Page 6 
 {¶ 12} The second 911 call, while arguably not fitting within the excited utterance exception, even if admitted in error, is harmless. Although Melinda identified the voice as hers and stated that the recording was a fair and accurate representation of the telephone call, there was no information given in the call necessary to prove the elements of the offense. In the second call, Melinda merely told the operator to cancel sending the medic. No information that the prosecution relied upon was provided in that call. Even though the trial court may have used the wrong reasoning, it reached the correct result in admitting the 911 calls. Appellant's first assignment of error is not well-taken.
 {¶ 13} By the second assignment of error, appellant contends that there was insufficient evidence to support the guilty verdict, and the verdict was against the manifest weight of the evidence, thereby depriving him of his due process protections under the state and federal constitutions. The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v.Thompkins (1997), 78 Ohio St.3d 380, 386 .
 {¶ 14} The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited *Page 7 
weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v.Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
 * * * Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6th Ed.1990)] at 1594). Thompkins, at 387.
 {¶ 15} The state presented evidence that Melinda had a bruise on her right eye and Melinda testified that she and appellant were fighting about a gun. Although she did not see appellant hit her because she had bent over to check her daughter's wet pants, she testified appellant struck her on the right side of her face. Appellant was standing in the yard, approximately one foot to one-and-a-half feet away from her. Appellant ran and entered the passenger seat of the vehicle and his girlfriend drove away.
 {¶ 16} Although appellant and his girlfriend testified that appellant did not hit Melinda, they both testified that Melinda and appellant had an argument and, as they were driving away, Melinda yelled to Donna: " `Watch out, he'll hit you.' " (Tr. at 74; 86.)
 {¶ 17} Appellant argues that the discrepancy over the time of the incident supports his innocence. Melinda testified that the normal drop-off time was approximately 6:00 p.m., and this incident occurred between 6:00 and 6:15 p.m. Within a few minutes she called 911 and approximately ten minutes later called back and the *Page 8 
police arrived approximately twenty minutes later. Donna Hall and appellant testified that they returned the children early, between 4:00 and 4:30 p.m., because they were driving to Chillicothe. Appellant's counsel questioned Melinda about her written statement to the police, in which she stated the incident occurred at 5:05 p.m. (Tr. at 36-37.) Officer Weekley arrived at Melinda's house at 6:41 p.m.
 {¶ 18} The existence of conflicting evidence does not render the evidence insufficient as a matter of law. State v. Murphy (2001),91 Ohio St.3d 516, 543. Nor is a conviction against the manifest weight of the evidence solely because there was inconsistent testimony. State v.Kendall (June 29, 2001), Franklin App. No. 00AP-1098. The trier of fact makes determinations of credibility and the weight to be given to the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 19} Appellant also argues that he was too far away from Melinda to hit her. He testified that the porch is approximately four feet high and he was standing beside the porch. However, both Melinda and appellant testified that Melinda bent down to check her daughter. Melinda testified that appellant was approximately one to one-and-a-half feet away from her. Appellant testified that he was standing at an angle to her right shoulder and Melinda was hit on the right side of her face. In this case, there was sufficient evidence that, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, and even if the evidence is not construed most strongly in favor of the prosecution, there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. Appellant's second assignment of error is not well-taken. *Page 9 
 {¶ 20} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BRYANT and PETREE, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellee argues that appellant did not object to the telephone calls based upon hearsay, thereby waiving appellate review, but the initial objection was based on hearsay. (Tr. at 25.) *Page 1