OPINION
{¶ 1} Defendant-appellant, Jesus Sevilla, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. Because that judgment is supported by sufficient evidence and is not against the manifest weight of the evidence, we affirm.
 {¶ 2} In the early morning hours of July 4, 2005, appellant and three other people, including appellant's nephew, went to a party outside the Wingate Village apartment complex on the west side of Franklin County, Ohio. Appellant's nephew got into an *Page 2 
altercation with Salvador Quiroz, one of the people at the party. The two men were yelling and pushing each other. Appellant was near the altercation. He pulled out a gun and chambered a round of ammunition. Quiroz's friend, Victor Fregoso, saw appellant holding the gun. He ran up from behind Quiroz, grabbed him in a bear hug, and tried to pull him away from the altercation. Appellant fired one shot at the two men. Fregoso sustained a broken jaw from a bullet that entered his right jaw and exited at his left temple. Quiroz died as a result of a gunshot wound to his upper chest area. A bullet was later recovered from Quiroz's body. Right after the shooting, appellant stood over Quiroz and aimed the gun at him, but the gun jammed and would not fire again. Appellant then fled the scene. Later that same day, detectives from the Franklin County Sheriff's Office apprehended appellant after a brief chase. The detectives found the gun used by appellant under some rocks in the area where they caught him.
 {¶ 3} A Franklin County grand jury indicted appellant with one count of murder in violation of R.C. 2903.02 and one count of attempted murder in violation of R.C. 2923.02 as it relates to R.C. 2903.02. Both of these counts also contained a firearm specification pursuant to R.C.2941.145. The grand jury also indicted him on one count of tampering with evidence in violation of R.C. 2921.12 and one count of receiving stolen property in violation of R.C. 2913.51. Appellant entered a not guilty plea to the counts and proceeded to a jury trial.
 {¶ 4} Three eyewitnesses testified that appellant was the only person at the party with a gun and that he fired one shot at Fregoso and Quiroz. Appellant admitted that he fired a shot at Fregoso and Quiroz but claimed that he did so in self-defense. The jury rejected appellant's claim of self-defense and found appellant guilty of murder and *Page 3 
attempted murder as well as the firearm specification for each count. The jury found appellant not guilty of tampering with evidence.[1] The trial court sentenced appellant accordingly.
 {¶ 5} Appellant appeals and assigns the following error:
 THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF ATTEMPTED MURDER AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} Appellant contends that his conviction for the attempted murder of Fregoso was not supported by sufficient evidence and is against the manifest weight of the evidence.[2] The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Therefore, we will separately discuss the appropriate standard of review for each.
 {¶ 7} In State v. Jenks (1991), 61 Ohio St.3d 259, the Supreme Court of Ohio delineated the role of an appellate court presented with a challenge to the sufficiency of the evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could *Page 4 
have found the essential elements of the crime proven beyond a reasonable doubt.
Id., at paragraph two of the syllabus.
 {¶ 8} Whether the evidence is legally sufficient is a question of law, not fact. Thompkins, at 386. Indeed, in determining the sufficiency of the evidence, an appellate court must "give full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts ." Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Thomas (1982), 70 Ohio St.2d 79, 80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v.Treesh (2001), 90 Ohio St.3d 460, 484; Jenks, at 273.
 {¶ 9} In order to convict appellant of attempted murder, the State had to prove beyond a reasonable doubt that appellant purposely engaged in conduct that, if successful, would result in the purposeful killing of another person. State v. Waddell (Aug. 15, 2000), Franklin App. No. 99AP-1130, citing State v. Fox (1981), 68 Ohio St.2d 53, 55. A person acts purposely when it is his specific intention to cause a certain result. R.C. 2901.22(A); State v. Locklear, Franklin App. No. 06AP-259,2006-Ohio-5949, at ¶ 13.
 {¶ 10} A jury may infer an intention to kill where the natural and probable consequence of a defendant's act is to produce death and the jury may conclude from all the surrounding circumstances that a defendant had an intention to kill. State v. Edwards (1985),26 Ohio App.3d 199, 200, citing State v. Robinson (1954), 161 Ohio St. 213. *Page 5 
Such circumstances include the means or weapon used, its tendency to destroy life if designed for that purpose, and the manner in which the wounds are inflicted. Id. at paragraph five of the syllabus; see, alsoLocklear, at ¶ 15. The act of pointing a firearm and firing it in the direction of another human being is an act with death as a natural and probable consequence. State v. Turner (Dec. 30, 1997), Franklin App. No. 97APA05-709, quoting State v. Brown (Feb. 29, 1996), Cuyahoga App. No. 68761; State v. Sledge, Trumbull App. No. 2001-T-0123, 2003-Ohio-4100, at ¶ 44 (noting that "when you aim and fire a loaded gun toward someone, death is a likely result"). An accused's specific intent to kill may be reasonably inferred from the fact that a firearm is an inherently dangerous instrumentality, the use of which is reasonably likely to produce death. Waddell, citing State v. Mackey (Dec. 9, 1999), Cuyahoga App. No. 75300.
 {¶ 11} The State presented evidence that appellant's nephew got into a fight with Quiroz at the party. Appellant saw the fight and pulled out a gun and chambered a round. Seeing this, Fregoso ran behind Quiroz and grabbed him in an attempt to pull him away from the altercation. Appellant then fired his gun at the two men. There was no evidence that anyone else at the party had a gun or fired a gun. Appellant admitted in his taped interview that he fired one shot. A bullet entered Fregoso's jaw, breaking it, and then traveled up through his face and exited his left temple. Viewed in a light most favorable to the State, this evidence is sufficient for a reasonable trier of fact to have found beyond a reasonable doubt that appellant committed the attempted murder of Fregoso as he purposely aimed and fired a loaded gun at him. Id.;State v. Bell, Cuyahoga App. No. 87769, 2006-Ohio-6592, at ¶ 65
(sufficient evidence of attempted murder where victims in defendant's line of fire when he shot gun). *Page 6 
 {¶ 12} Appellant's manifest weight of the evidence claim requires a different review. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." `Thompkins, supra, at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction." ` Id.
 {¶ 13} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973;State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the *Page 7 
witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 14} Appellant claims that his conviction is against the manifest weight of the evidence because it is based on testimony from witnesses who testified that Fregoso was behind Quiroz when appellant shot his gun. Thus, appellant claims, because the bullet was recovered from Quiroz's body, that bullet could not have been the one that also injured Fregoso if he was behind Quiroz. We disagree.
 {¶ 15} It is undisputed that Fregoso came up from behind Quiroz, grabbed him in a bear hug, and tried to pull him away from the altercation. In this position, Fregoso's head would have been very close to Quiroz's body. Fregoso's head could easily have gotten in front of Quiroz's body vis-à-vis appellant as Fregoso attempted to pull Quiroz away. Therefore, when appellant fired, the bullet could have hit Fregoso's jaw, exited near his temple, and then entered Quiroz's chest. The coroner who performed Quiroz's autopsy testified that Quiroz's wounds were consistent with the bullet entering and exiting Fregoso's face and then entering Quiroz's chest. These wounds are not inconsistent with testimony that appellant fired only one shot.
 {¶ 16} More importantly, the weight of the evidence demonstrates that appellant aimed and fired a loaded gun in Fregoso's direction. SeeSledge (attempted murder conviction not against manifest weight of evidence where defendant fired shots in victim's direction). Appellant admitted as much in his testimony. This is not the exceptional case where the evidence weighs heavily against appellant's conviction for attempted murder. The jury did not lose its way when it rejected appellant's claim of self-defense and found *Page 8 
that appellant attempted to murder Fregoso by aiming and shooting a loaded firearm in Fregoso's direction, even though the same bullet killed Quiroz.
 {¶ 17} Appellant's conviction for attempted murder is supported by sufficient evidence and is not against the manifest weight of the evidence. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and FRENCH, JJ., concur.
[1] Before trial, the State dismissed the receiving stolen property charge.
[2] Appellant does not contest his murder conviction in this appeal. His appeal is limited to his conviction for attempted murder. *Page 1