OPINION
{¶ 1} Appellant, C.B., appeals his adjudication of delinquency in the Butler County Court of Common Pleas, Juvenile Division, for the offense of robbery. We affirm the trial court's judgment.
 {¶ 2} On March 31, 2006, appellant was charged with one count of robbery in violation of R.C. 2911.02, a third-degree felony if committed by an adult. The charge arose following an incident on March 27, 2006, during which appellant and two of his friends *Page 2 
allegedly stole several candy bars from a six-year old girl and her teenage brother, who were selling the candy as a fundraiser.
 {¶ 3} The boys encountered the girl and her brother as they were walking down an alley behind a store in Middletown. The boys asked if they could have some of the candy bars, but were told they would have to pay one dollar for each candy bar. After the girl and her brother refused to give the boys any candy unless they paid, the boys simply took the candy from them. In doing so, they allegedly threw a rock at the girl's brother, striking him in the head, and pushed the girl to the ground.
 {¶ 4} The trial court held appellant's adjudicatory hearing on May 25, 2006. During the hearing, appellant admitted taking the candy without paying for it, but denied using any force in doing so. At the conclusion of the hearing, the court found the state had proven the elements of robbery beyond a reasonable doubt, and adjudicated appellant a delinquent child. The court ordered that appellant be committed to the Ohio Department of Youth Services for a minimum term of six months, up to a maximum period not to exceed his 21st birthday, but suspended the commitment conditioned upon appellant's compliance with court orders and probation rules. In addition, the court ordered appellant to serve a total of 45 days in the Butler County Juvenile Detention Center and placed appellant on official probation. The court also ordered appellant to complete 20 hours of community service, pay $17.34 in restitution and participate in both counseling and the Victim Offender Mediation Program.
 {¶ 5} Appellant now appeals the trial court's decision adjudicating him a delinquent child, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR ACQUITTAL." *Page 3 
 {¶ 8} In his first assignment of error, appellant argues the trial court erred in denying his Crim.R. 29 motion for acquittal where the state failed to produce sufficient evidence that appellant used or threatened the immediate use of force in taking the candy from the girl and her brother. Specifically, appellant contends the "last-minute testimony" of the male victim, that the boys pushed his sister to the ground, is insufficient to prove the element of force because it was in conflict with the testimony of other witnesses. We disagree.
 {¶ 9} A court shall not enter judgment of acquittal pursuant to Crim.R. 29 if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of the crime in question has been proven beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus. In reviewing the sufficiency of the evidence to support a criminal conviction, the reviewing court is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v.Smith, 80 Ohio St.3d 89, 113, 1997-Ohio-355. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 10} Significantly, "[t]he existence of conflicting evidence does not render the evidence insufficient as a matter of law." State v.Gray, Franklin App. No. 06AP-15, 2007-Ohio-1504, ¶ 18. The trier of fact makes determinations of credibility and the weight to be given to the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. See, also, In re T.E., Montgomery App. No. 21543,2006-Ohio-5767, ¶ 11. Moreover, "the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it."State v. Bekesz, Lake App. No. 2006-L-091, 2007-Ohio-2573, ¶ 21, quotingWarren v. Simpson (Mar. 17, 2000), Trumbull App. No. 98-T-0183,2000 WL 286594, at *3. *Page 4 
 {¶ 11} Appellant alleges the state failed to prove he used or threatened the immediate use of force at the time he took the candy from the girl and her brother, which is necessary to support a conviction for robbery under R.C. 2911.02 (A)(3). This section provides, "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Significantly, appellant does not dispute the alleged acts of throwing rocks at or pushing the victims constitute "force" for purposes of the statutory definition, but rather, challenges the credibility of the male victim who testified that such force was, in fact, used during the incident.
 {¶ 12} During appellant's adjudicatory hearing, the state presented the testimony of several witnesses, including the two boys who allegedly participated in the robbery with appellant, as well as the two victims. The two boys provided similar accounts of the incident, maintaining that the female victim handed them the box of candy after they refused to pay, and that no force was used against her or her brother during the confrontation.[1] The boys also denied touching the girl or her brother, or throwing rocks at them during the confrontation.
 {¶ 13} Both of the victims, however, testified that one of the boys threw a rock at the male victim as the boys sought to take the candy, which struck the male victim in the head. In addition, the male victim testified that appellant and his friends caught the girl as she attempted to run away, held her by her mouth and pushed her to the ground before taking the candy. While the girl denied "being on the ground at all that day," the record indicates she was reluctant to testify during the hearing, and that the trial court therefore deemed the *Page 5 
testimony of her brother more credible in this regard.[2]
 {¶ 14} Notably, one of the boys admitted having thrown rocks prior to his encounter with the victims, but denied throwing rocks at the victims. The other boy admitted confronting the male victim at school a week prior to the hearing regarding his account of the incident, in violation of a court order forbidding him from having any contact with either of the victims. The trial court noted on the record its concern regarding the boy's attempt to "intimidate" a witness who was also a victim in the case.
 {¶ 15} As the trier of fact, it was the trial court's role to assess the credibility of all witnesses, and make its findings accordingly. SeeIn re T.E., at ¶ 11. The trial court found the testimony of the victims to be credible as to the manner in which the incident occurred, and we defer the trial court's findings in this regard. Moreover, the court was permitted to believe the testimony of the male victim that the boys pushed his sister during the incident, even if such testimony was in conflict with that of other witnesses. See id.; Gray, at ¶ 18.
 {¶ 16} Accordingly, viewing the evidence in a light most favorable to the state, we find the testimony of the victims, if believed, could support a finding that the state proved the element of force beyond a reasonable doubt. We therefore find no error in the trial court's decision to deny appellant's Crim.R. 29 motion for acquittal. Appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "FINDING APPELLANT GUILTY OF THE OFFENSE OF ROBBERY IN VIOLATION OF 2911.02(A)(3) WENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 6 
 {¶ 19} In his second assignment of error, appellant argues the trial court's finding that appellant committed robbery is against the manifest weight of the evidence because the male victim's testimony regarding appellant's alleged use of force lacked credibility. We find this argument without merit.
 {¶ 20} A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins,78 Ohio St.3d 380, 386-387, 1997-Ohio-52. In reviewing the manifest weight of the evidence to determine whether reversal is warranted, "the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 387. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 21} An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the jury's resolution of any conflicting testimony.Id. at 389. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. DeHass, 10 Ohio St.2d at paragraph one of the syllabus.
 {¶ 22} Moreover, "[a] defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial." State v. Sevilla, Franklin App. No. 06AP-954,2007-Ohio-2789, ¶ 13, citing State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. "The trier of fact is free to believe or disbelieve all or any of the testimony. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' *Page 7 
testimony is credible. Consequently, although an appellate court must act as a `thirteenth juror' when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility." Id. (Internal citations omitted).
 {¶ 23} As stated, both victims in this case testified that prior to taking the candy, one of the boys threw a rock at the male victim, which struck him in the head. While each of the boys denied using any such force in taking the candy from the victims, the trial court was permitted to believe the victims' testimony in finding that force was used during the incident. In addition, after assessing the demeanor of the young girl prior to allowing her to testify, the court was permitted to believe the testimony of the girl's brother regarding the boys' use of force against her in taking the candy, even though she denied having been pushed to the ground.
 {¶ 24} After carefully reviewing the record, we cannot say the trial court clearly lost its way and created a manifest miscarriage of justice in resolving the conflicts in the witnesses' testimony as to this issue. Accordingly, we find no error in the trial court's determination that appellant used forced in taking the candy from the victims, and was therefore responsible for committing the charged offense of robbery. Appellant's second assignment of error is overruled.
 {¶ 25} Judgment affirmed.
BRESSLER, P.J. and WALSH, J., concur.
[1] Notably, the boys admitted they were "bigger" than the victims and that the victims were afraid the boys might harm them.
[2] The record indicates the trial court conducted an in camera interview of the girl prior to allowing her to testify, to ascertain whether she was competent to testify due to her young age. At the time of the hearing, the girl was seven years old. In finding the testimony of the girl's brother to be credible regarding the boys' use of force in taking the candy, the court noted that the girl "was very reluctant to testify." *Page 1