OPINION
{¶ 1} Appellant, Brad A. Taliaferro, appeals the judgment of the Portage County Municipal Court, Ravenna Division, finding him guilty of one count of domestic violence, in violation of R.C. 2919.25. For the reasons stated below, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} After Taliaferro pled not guilty to the charge of domestic violence, this matter proceeded to a bench trial, where the victim, Candace Sullivan; Officer Christopher Petro of the Streetsboro Police Department; and Taliaferro testified.
 {¶ 3} Ms. Sullivan and Taliaferro have a three-year old child together. While they do not have a court mandated visitation schedule, the child usually stays with Taliaferro one night during the week and every other weekend.
 {¶ 4} Ms. Sullivan testified that on December 4, 2007, Taliaferro was approximately 45 minutes late in dropping off their child. Ms. Sullivan stated that she was angry, and she threatened Taliaferro that, in the future, he was either to drop the child off at her work or pay for day care. Furthermore, Ms. Sullivan testified that this was not the first time she had threatened Taliaferro with respect to seeing their child.
 {¶ 5} After the child was put into Ms. Sullivan's vehicle, she and Taliaferro continued to argue. Ms. Sullivan testified that Taliaferro grabbed her by the coat, pulled her into him, and then grabbed her by the throat. With his hand around her throat, Taliaferro picked Ms. Sullivan up and slammed her onto the ground. Ms. Sullivan testified that as a result of this incident, she suffered a head abrasion and a swollen knee.
 {¶ 6} Taliaferro testified that Ms. Sullivan frequently threatens him regarding their child's visitation schedule. Further, Taliaferro averred that although a verbal argument ensued between them regarding the visitation of their child, Ms. Sullivan's injuries were caused by her slipping on the ice. After their child was placed in Ms. Sullivan's vehicle, she turned toward her vehicle and slipped. Although Taliaferro was *Page 3 
able to grab her coat as she was falling, he was not able to prevent her from hitting her head.
 {¶ 7} Officer Petro testified that Ms. Sullivan came to the police department within 30 minutes of the incident between herself and Taliaferro. Although Officer Petro observed injuries to her head and knee, Ms. Sullivan did not have any physical markings around her neck. At the police station, Ms. Sullivan gave her version of the events and signed a complaint for domestic violence.
 {¶ 8} Taliaferro was sentenced to a 180-day jail term, which was suspended on the following conditions: probation for a term of one year; completion of an anger management evaluation and counseling, if needed; restitution in the amount of $40; and no contact with Ms. Sullivan.
 {¶ 9} Taliaferro filed a timely notice of appeal and, as his first assignment of error, states:
 {¶ 10} "Defendant's conviction is against the manifest weight of the evidence."
 {¶ 11} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 12} "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" State v. Thompkins (1997),78 Ohio St.3d 380, 387. (Citations omitted.) *Page 4 
 {¶ 13} Taliaferro attacks the credibility of Ms. Sullivan arguing that her rendition of what occurred was "impossible" since she did not sustain an injury to her neck. However, we recognize that the weight to be given to the evidence and the credibility of witnesses are primarily matters for the trier of fact to decide. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 14} Further, "[t]he trier of fact is free to believe or disbelieve all or any of the testimony. *** The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. *** Consequently, although an appellate court must act as a `thirteenth juror' when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. ***"State v. Sevilla, 10th Dist. No. 06AP-954, 2007-Ohio-2789, at ¶ 13. (Internal citations omitted.)
 {¶ 15} In the instant case, the trier of fact was presented with conflicting testimony and, therefore, had to determine the credibility of each witness. Although Taliaferro's version of the facts differs from those presented by Ms. Sullivan, the judge was in the best position to resolve this inconsistency.
 {¶ 16} Therefore, after reviewing the record and weighing the evidence and all reasonable inferences, we cannot conclude the judge lost her way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. Taliaferro's first assignment of error is without merit.
 {¶ 17} As Taliaferro's second assignment of error, he asserts:
 {¶ 18} "The evidence was insufficient to sustain a conviction." *Page 5 
 {¶ 19} When measuring the sufficiency of the evidence, an appellate court must consider whether the state set forth adequate evidence to sustain the trier of fact's verdict as a matter of law. Kent v.Kinsey, 11th Dist. No. 2003-P-0056, 2004-Ohio-4699, at ¶ 11. A verdict is supported by sufficient evidence when, after viewing the evidence most strongly in favor of the prosecution, there is substantial evidence upon which a trier of fact could reasonably conclude that the state proved all elements of the offense beyond a reasonable doubt. State v.Schaffer (1998), 127 Ohio App.3d 501, 503, citing State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, 14-15.
 {¶ 20} Taliaferro was convicted of domestic violence in violation of R.C. 2919.25(A), which states: "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 21} R.C. 2901.22(B) defines "knowingly" as follows: "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 22} R.C. 2901.01(A)(3) states that: "`[p]hysical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration."
 {¶ 23} Under this assignment of error, Taliaferro asserts the state failed to offer sufficient evidence to prove the charged offense beyond a reasonable doubt. He also maintains there was no evidence showing that Ms. Sullivan suffered any physical injury to her neck, pointing to Officer Petro's testimony that he did not observe any visible injuries on Ms. Sullivan's neck at the time she reported the incident. *Page 6 
 {¶ 24} "Domestic violence merely requires a showing of `physical harm' as defined in R.C. 2901.01(A)(3), which does not require evidence of visible injuries." State v. Boldin, 11th Dist. No. 2007-G-2808,2008-Ohio-6408, at ¶ 40.
 {¶ 25} The record demonstrates that Taliaferro grabbed Ms. Sullivan by the neck; picked her up; and then slammed her down on the pavement. As a result, Ms. Sullivan suffered an injury to the knee and a contusion to the head, which required medical treatment. Officer Petro also testified that Ms. Sullivan's injuries were consistent with her rendition of the events occurring on December 4, 2007. The testimony of Ms. Sullivan and Officer Petro, if believed by a fact-finder, is sufficient evidence to prove that Taliaferro knowingly caused or attempted to cause physical harm to Ms. Sullivan. "See, also, State v. Hawn, 11th Dist. No. 2002-P-0042, 2003-Ohio-5868 (the state presented sufficient evidence of the element of physical injury where the victim attested that defendant punched her in the eye, and the victim's condition was later corroborated by an investigating officer); State v. Barnes, 8th Dist. No. 87153, 2006-Ohio-5239 (even though a victim had no visible injuries after the incident, there was sufficient evidence to support a finding that the victim was physically injured under R.C. 2901.01(A)(3));State v. Summers, 11th Dist. No. 2002-A-0074, 2003-Ohio-5866 (testimony from defendant's girlfriend that defendant grabbed her around her neck causing a bruise to appear the next day was sufficient to prove the physical harm element to sustain defendant's domestic violence conviction; it was irrelevant that she failed to seek medical treatment, nobody saw her injury, and no photographs were taken of her bruise);State v. Blonski (1997), 125 Ohio App.3d 103 (a defendant may be found guilty of domestic violence if *Page 7 
the victim sustains minor injuries or even no injuries at all)."State v. Boldin, 2008-Ohio-6408, at ¶ 42.
 {¶ 26} Therefore, when the testimony in the instant record is viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of domestic violence proven beyond a reasonable doubt.
 {¶ 27} Based on the foregoing, Taliaferro's second assignment of error is without merit, and the judgment of the Portage County Municipal Court, Ravenna Division, is hereby affirmed.
CYNTHIA WESTCOTT RICE, J., concurs, COLLEEN MARY O'TOOLE, J., concurs in judgment only. *Page 1