[Cite as *State v. Williams*, 2013-Ohio-2040.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **PER CURIAM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-078** |
| KRISTOPHER M. WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 11 CR 000660.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee* and *Patrick J. Condon*, Assistant Prosecutors, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Paul H. Hentemann*, Northmark Office Building, 35000 Kaiser Court, Suite 305, Willoughby, OH 44094-4280 (For Defendant-Appellant).

PER CURIAM.

{¶1} Appellant, Kristopher M. Williams, appeals his convictions, following a jury trial, of carrying concealed weapons, possession of cocaine, and trafficking in cocaine. Each drug charge carried two firearm specifications. The issue on appeal is whether the convictions are supported by sufficient evidence and/or are against the manifest weight of the evidence. For the following reasons, the judgment is affirmed.

**{¶2}** On January 17, 2012, appellant was indicted on five charges: illegal possession of firearm in liquor permit premises, a fourth-degree felony in violation of R.C. 2923.121, with a forfeiture specification (Count One); carrying concealed weapons, a fourth-degree felony in violation of R.C. 2923.13(A)(2), with a forfeiture specification (Count Two); trafficking in cocaine and possession of cocaine (less than five grams), fifth-degree felonies in violation of R.C. 2925.03(A)(2) and R.C. 2925.11, each count with two firearm specifications and two forfeiture specifications (Counts Three and Four); and tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1) (Count Five).

**{¶3}** After appellant unsuccessfully attempted to suppress the evidence against him, the matter proceeded to a jury trial.

**{¶4}** During trial, Lake County Deputy John Kelly testified he was patrolling the parking lot of the Painesville Commons Shopping Center in his cruiser after investigating suspicious vehicles parked nearby in the early morning of October 17, 2011. While slowly patrolling the lot with his window down, Deputy Kelly heard nearby gunshots. Deputy Kelly called in "shots fired" to dispatch and quickly rounded the corner to the alleyway behind the shopping center in an effort to pinpoint the location of the shots. Deputy Kelly immediately observed appellant and two male companions, William Stallworth and Louis Riel, standing near the rear doorway of McTaggart's Tavern, a bar in the plaza. Deputy Kelly exited his cruiser and ordered the three males to the ground. The deputy then ordered the three men to get up and quickly conducted a pat-down of their outer clothing. The men denied firing a gun and explained the gunfire came from the adjoining Lake County Fairgrounds.

2

{¶5} Deputy Kelly testified that he asked the men for identification, but appellant did not have any. Appellant went to his vehicle, which was parked in the alleyway, to obtain his license. Deputy Kelly testified he followed behind appellant and observed him toss a gun over the vehicle and out of sight. Deputy Kelly shouted "gun" over his radio, apprehended appellant, and placed him under arrest.

{¶6} Deputy Randy Woodruff testified he arrived on scene and provided backup. Deputy Woodruff conducted the search incident to appellant's arrest and found six small baggies of cocaine in appellant's pocket, as well as a large amount of cash. A black nylon bag was also found on appellant; Deputy Woodruff explained the bag looked to be a carrying case for a gun. Spent shells were recovered from the alley near appellant's vehicle.

{¶7} Appellant testified to a different version of events. Appellant explained that, after an evening at Chuck E. Cheese's, he went to McTaggart's Tavern around 11:30 p.m. to drink Heineken and play pool with other bar patrons. Several beers later, appellant and his friend, Mr. Stallworth, exited from the rear door into the back alleyway of the bar to smoke a cigarette. Appellant explained that, while outside, he heard the shots of a gun. Appellant noted he could not discern from where the shots were fired. He also noted he was not outside long enough to finish his cigarette before hearing the shots. Appellant testified that a deputy quickly appeared, patted him down, and ordered identification. Appellant explained, with some ambiguity, that he was quickly placed in cuffs and his vehicle was searched. Appellant testified the weapon and the cocaine were found in his vehicle, not on his person. Appellant also testified he never before saw the black nylon bag purportedly found in his pocket.

{¶8} The trial court granted appellant's Crim.R. 29 motion as to the charge of tampering with evidence. The jury acquitted appellant on the charge of illegal possession of firearm in liquor permit premises. Appellant was convicted on the three remaining felony charges: carrying concealed weapons, possession of cocaine, and trafficking of cocaine. Appellant was further found guilty on all attached specifications.

{¶9} The trial court sentenced appellant to six months in prison for carrying concealed weapons and six months in prison, concurrently, for possession of cocaine, noting that the possession charge merged with the trafficking charge for sentencing purposes. We note it is unclear from the trial court's entry whether the prosecution made the election as to which offense should merge with an allied offense. *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669. Appellant was also sentenced on the three-year gun specification attached to the possession charge. Thus, appellant was sentenced to a total term of three and one half years in prison.

{¶10} Appellant timely appeals and asserts two assignments of error, which state:

{¶11} "[1.] The decision of the jury was not supported by sufficient evidence nor by the manifest weight of the evidence.

{¶12} "[2.] The Trial Court erred in denying Appellant's Crim.R. 29 Motions for acquittal, to-wit: Counts 2, 3, and 4."

{¶13} Crim.R. 29(A) requires the trial court grant a motion for acquittal if the evidence is insufficient to sustain a conviction on the charged offenses. Thus, appellant's assignments of error on sufficiency and failure to grant a Crim.R. 29 motion are consolidated for purposes of our analysis.

{¶14} The test for determining sufficiency is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, citing *Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶15} In contrast, to determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact "lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In weighing the evidence submitted at a criminal trial, an appellate court must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

{¶16} We first review appellant's drug-related convictions. Appellant's convictions on the two drug charges were deemed allied offenses of similar import pursuant to R.C. 2941.25. As "a conviction consists of both verdict and sentence," and as the disposition entered on Count Three merged into Count Four, our analysis focuses solely on Count Four—the fifth-degree felony charge of possession of cocaine. *State v. McGuire*, 80 Ohio St.3d 390, 399 (1997); *see also State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶12.

{¶17} On possession of cocaine, the state had the burden of proving that appellant did knowingly obtain, possess, or use cocaine, or a compound, mixture, or

substance containing cocaine. R.C. 2925.11. On trafficking in cocaine, the state had the burden of proving beyond a reasonable doubt that appellant did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute cocaine, or a compound, mixture, or substance containing cocaine. R.C. 2925.03(A)(2). However, if we find the evidence of possession of cocaine was sufficient, it is not necessary to consider the sufficiency of the evidence with regard to the trafficking charge, as it was merged.

{¶18} Deputy Woodruff testified to performing the search incident to appellant's arrest. He explained he found one large plastic bag containing six small baggies of cocaine in appellant's pocket, as well as a large amount of cash. The six small baggies were each tied in knots and each contained very small amounts of cocaine. Deputy Kelly corroborated this testimony. Appellant explained the drugs did not belong to him, but that he did, in fact, use drugs. Appellant explained he had packaged cocaine in this fashion in the past—*not* in preparation for distribution, but rather to control his recreational use. Upon review, we find that a rational trier of fact could conclude the elements of possession of cocaine proven beyond a reasonable doubt, the result of which is not against the manifest weight of the evidence.

{¶19} We next review appellant's gun-related conviction and specifications. To prove the offense of carrying concealed weapons, the state had the burden of proving beyond a reasonable doubt that appellant did knowingly carry or have a handgun concealed on his person or ready at hand. R.C. 2923.12(A)(2). Additionally, attached to the possession charge was a three-year gun specification, pursuant to R.C. 2941.145, which required the state to prove beyond a reasonable doubt that appellant

6

had a firearm on or about his person or under his control while committing the offense and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used the firearm to facilitate the offenses.

{¶20} Appellant points to what he characterizes as inconsistent or conflicting verdicts in that he was found not guilty of illegal possession of a firearm in liquor permit premises, but guilty on the firearm specifications and carrying concealed weapons charge. Appellant argues that, as the jury apparently found him to not have a weapon while in McTaggart's Tavern, it would have been "physically impossible" to obtain a weapon in the short amount of time before he was apprehended just outside the back door of the tavern. However, for it to be "physically impossible" to obtain a weapon, one must accept appellant's testimony that he was apprehended immediately after exiting the bar, not long enough to even finish a cigarette. The jury was not required to accept this testimony. Indeed, appellant could have obtained a weapon at any point after exiting the bar; thus, the verdicts are not conflicting. Angela Chilia, the bartender at McTaggart's Tavern on the night in question, testified she did not observe appellant with a gun or weapon while he was drinking at the bar, while Deputy Kelly explained he observed appellant with a gun directly outside the bar after hearing the shots.

{¶21} Appellant next points to inconsistent testimony in the record, contending his version of events is more credible than Deputy Kelly's account. For instance, appellant explains that, if he really had a weapon, Deputy Kelly would have found it during the initial pat-down. It is well founded that, as the trier of fact, the jury is entitled to believe all, part, or none of a witness's testimony. *See State v. Teague*, 11th Dist. No. 2011-T-0012, 2012-Ohio-983, ¶38. The trier of fact is in the best position to

7

evaluate inconsistencies in testimony by observing the witness's manner and demeanor on the witness stand—attributes impossible to glean through a printed record. *See generally State v. Sevilla*, 10th Dist. No. 06AP-954, 2007-Ohio-2789, ¶14. Here, there is a sufficient evidentiary basis upon which the jury could have reconciled the gun not being detected in the initial pat-down of appellant with its subsequent appearance: Deputy Kelly testified to seeing appellant discard a weapon, which was later recovered where it was observed to be thrown. Testimony also indicates the weapon was likely either in a black bag or a nylon bag, thereby making pat-down detection through the outer clothing less reliable. Testimony further indicates appellant's clothing on the cold October morning in question was large, bulky, and "baggy."

{¶22} Appellant additionally argues that no fingerprints were taken from the weapon. There is, however, no requirement that fingerprints be taken from a weapon to obtain a conviction for carrying concealed weapons or to establish the finding of a gun specification beyond a reasonable doubt. In any respect, there is direct evidence that appellant actually possessed the firearm in this case, based on Deputy Kelly's testimony detailing his observation of appellant tossing a weapon while in the alleyway behind McTaggart's Tavern. Additionally, there is evidence the weapon was operational and had been fired. Firearms Examiner Raymond Jorz testified that the spent shells recovered near appellant's vehicle were ejected from appellant's Bryco handgun.

{¶23} Finally, appellant argues that because the drugs were found in his motor vehicle and not on his person, the three-year firearm specification attached to the drug charge must fail. However, evidence in the record indicates the drugs were on his

person. Specifically, Deputy Woodruff testified he recovered the crack cocaine from appellant's right cargo-pants pocket.

{¶24} After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the weapon charge and specifications proven beyond a reasonable doubt, the result of which is not against the manifest weight of the evidence.

{¶25} Accordingly, appellant's first and second assignments of error are without merit.

{¶26} The judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., concur.