[Cite as *State v. Whitacre*, 2014-Ohio-1369.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0045** |
| ANTHONY J. WHITACRE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 12 CR 1.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Anthony J. Whitacre, appeals his conviction of two counts of unlawful sexual conduct with a minor. Appellant was sentenced to an aggregate prison term of 30 months. On appeal, appellant maintains his convictions are against the manifest weight of the evidence. Based on the following, we affirm the trial court's judgment.

{¶2} In their appellate briefs, both appellant and appellee, the state of Ohio, agree that there are very few disputed facts. Appellant, age 20, and the 13-year-old

victim, J.H., agreed to meet at a specific location at a park in Niles, Ohio. There, the two engaged in vaginal intercourse and fellatio. When the two were leaving the park, J.H. saw her father who was out looking for her. Evading her father, J.H. went to her grandmother's house where she was eventually picked up by her father. J.H. told her father she had been raped by appellant. J.H. was taken to the Niles Police Department and then to a local hospital where "rape kit" evidence was gathered.

{¶3} Appellant voluntarily went to the Niles Police Department and spoke with Detective Ron Wright. Appellant admitted to having a sexual encounter with J.H., but stated that the encounter was consensual.

{¶4} Approximately four days after this incident took place, J.H. spoke to the Children Services Bureau. J.H. confirmed that a rape had not occurred, but that she and appellant had consensual vaginal intercourse and engaged in oral sex.

{¶5} Appellant was indicted on two counts of unlawful sexual conduct with a minor, felonies of the fourth degree, in violation of R.C. 2907.04(A) and (B). After a trial by jury, appellant was found guilty on both counts.

{¶6} Appellant filed a timely notice of appeal and asserts the following assignment of error:

{¶7} "The appellant's convictions are against the manifest weight of the evidence."

{¶8} A manifest weight of the evidence argument presupposes the state offered a quantum of evidence sufficient to establish the charges. However, appellant maintains that the state failed to present sufficient evidence to demonstrate that he acted either knowingly or recklessly with regard to J.H.'s age. Appellant argues that he neither knew the age of the victim nor was he reckless in that regard. In the interest of

2

justice, we therefore first analyze whether the state presented sufficient evidence to sustain appellant's convictions.

{¶9} When measuring the sufficiency of the evidence, an appellate court must consider whether the state set forth adequate evidence to sustain the jury's verdict as a matter of law. *Kent v. Kinsey*, 11th Dist. Portage No. 2003-P-0056, 2004-Ohio-4699, ¶11, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A verdict is supported by sufficient evidence when, after viewing the evidence most strongly in favor of the prosecution, there is substantial evidence upon which a jury could reasonably conclude that the state proved all elements of the offense beyond a reasonable doubt. *State v. Schaffer*, 127 Ohio App.3d 501, 503 (11th Dist.1998), citing *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *14-15 (Dec. 23, 1994).

{¶10} R.C. 2907.04(A) states: "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

{¶11} R.C. 2907.04(A) includes a "reckless" standard with respect to a defendant's knowledge of the juvenile's age. R.C. 2901.22(C) states the definition of "recklessly":

> A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

{¶12} With regard to the age of J.H., appellant maintains the state's evidence consisted solely of J.H.'s statement to appellant that she was 13 years of age. In

3

addition to J.H.'s testimony, however, J.H.'s father testified that appellant had known J.H. prior to this incident. In fact, appellant had been acquainted with J.H. since the time she was six years of age. This evidence was corroborated by appellant's own admission: appellant admitted knowing J.H. for approximately seven or eight years prior to this incident. Therefore, the state presented sufficient evidence to sustain the jury's verdict as a matter of law.

{¶13} Next, appellant essentially argues that his version of the incident is more credible than the version presented by J.H. For example, appellant argues J.H.'s testimony was replete with inconsistencies, prior falsities, and conduct that would lead one to believe she was the proper age of consent. Appellant argues the record is devoid of any evidence that he was not forthcoming; i.e., from the inception of the investigation, appellant has maintained that J.H. informed him she was 18 years of age.

{¶14} To determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact "lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In weighing the evidence submitted at a criminal trial, an appellate court must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Further, a conviction resulting from a trial by jury shall not be reversed on the weight of the evidence except by the concurrence of all three judges hearing the appeal. *Thompkins* at 386.

4

**{¶15}** We cannot conclude the jury lost its way in returning a guilty verdict. Appellant attempts to discredit J.H.'s testimony by citing those portions of the transcript that indicate she has drank alcohol and smoked marijuana. Yet, we are mindful that the jury, as the trier of fact, is entitled to believe all, part, or none of a witness's testimony. *State v. Williams*, 11th Dist. Lake No. 2012-L-078, 2013-Ohio-2040, ¶21. Here, the jury was aware that J.H. initially told the authorities she was raped by appellant. J.H. explained to the jury that she was scared when she made these allegations. J.H., as well as her father, also testified that appellant has known J.H. for approximately seven or eight years. This statement was corroborated by appellant himself. "The trier of fact is in the best position to evaluate inconsistencies in testimony by observing the witness's manner and demeanor on the witness stand—attributes impossible to glean through a printed record." *Id.*; *see also State v. Barnes*, 11th Dist. Portage No. 2012-P-0133, 2013-Ohio-2836, ¶49 ("we must defer to the weight and credibility the jury gave to the evidence in this case").

**{¶16}** Appellant's assignment of error is without merit.

**{¶17}** Based on the opinion of this court, the judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

5