[Cite as *State v. Whetstone*, 2016-Ohio-6989.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-114** |
| JOHN W. WHETSTONE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 15 CR 000032.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, John W. Whetstone, appeals the judgment of the Lake County Court of Common Pleas finding him guilty, following a bench trial, of two counts of assault and one count of resisting arrest. Based on the following, we affirm.

{¶2} Officers Josh Williams and Brent Bramley of the City of Mentor-on-the-Lake Police Department responded to an altercation at Lakeway Lounge, a bar, where

they observed appellant being held on the ground by a man that appellant allegedly assaulted. Appellant was intoxicated. Appellant was cited for disorderly conduct based upon his intoxication and conduct and eventually taken to his home by Officer Williams.

{¶3} At his home, appellant's fiancée, Joanna Paul, signed a responsibility form; appellant was given his citation; and he was released. After he was released, appellant became increasingly agitated. Despite Officer Williams' attempts to diffuse the situation, appellant became more agitated and began to become aggressive. According to Officer Williams, despite repeated warnings to calm down, appellant took a step toward him with a closed fist that made the officer feel threatened. At this point, Officer Williams attempted to place appellant under arrest for fourth-degree misdemeanor persistent disorderly conduct. While trying to place appellant under arrest, a struggle ensued. Officer Williams was able to call for back-up, and Officer Bramley arrived at appellant's residence. Upon arrival, Officer Williams was still struggling to place appellant under arrest. During this struggle, appellant yelled for his fiancé to videotape the incident; she complied. Eventually, the officers secured appellant; however, when making their way to the police cruiser, appellant continued to tussle with the officers. Appellant performed a "leg sweep" on Officer Bramley causing him to fall to the ground. Appellant continued this behavior of performing "leg sweeps" on both officers causing both officers to fall to the ground. Appellant also scratched the hand of Officer Williams. Eventually, the officers had to call for more back-up. It took four officers to get appellant into the police cruiser. While inside the cruiser, appellant continued to struggle and kicked Officer Williams several times in the chest.

{¶4} Officers Williams and Bramley testified they sustained injuries as a result of appellant's conduct. Specifically, Officer Williams testified he sought medical treatment for approximately one month after the incident due to swelling in his back and scratches on his hand.

{¶5} Appellant and Ms. Paul also testified. Appellant testified that he purposely resisted arrest. He made it difficult for the officers to remove him from his home because he did not understand why he was being placed under arrest. He testified that when they went outside he was still trying to push back while the officers were trying to push him forward and that he purposely dropped his body to the ground to make it difficult for the officers. Appellant, however, cited to the slippery condition of the walkway as cause for why the officers fell. Moreover, appellant testified that while the officers were holding him down, he tried pulling and twisting his hands, but they were restrained in handcuffs.

{¶6} Ms. Paul testified that although appellant was being uncooperative, she did not observe him trip any of the officers. She did testify, however, that while she was recording the incident, she heard the officers tell appellant to stop scratching, biting, and punching.

{¶7} The trial court, as the trier of fact, also viewed the recording of the events that evening.

{¶8} Appellant was indicted on two counts of assault, fourth-degree felonies, in violation of R.C. 2903.13(A)(5) and one count of resisting arrest, a first-degree misdemeanor, in violation of R.C. 2921.33(B). After a bench trial, the trial court found

3

appellant guilty on all three counts. Appellant was sentenced to consecutive 13-month prison terms on each felony, for a total imprisonment term of 36 months.

{¶9} Appellant filed a timely notice of appeal.

{¶10} Upon review of the record, this court found the record did not contain any disposition for Count 3, Resisting Arrest. The entry did not impose any sentence for Count 3 nor did it merge that count with either of the other counts. Accordingly, this court ordered, sua sponte, that the case be remanded to the trial court for the purpose of including a disposition for Count 3.

{¶11} On July 21, 2016, the Lake County Court of Common Pleas held a hearing wherein it granted appellant's motion for judicial release. In the same judgment entry that granted judicial release, the court indicated that appellant's sentence was amended to include a merger of Count 3 into Count 2. We now have jurisdiction to consider appellant's appeal.

{¶12} On appeal, appellant alleges:

{¶13} "The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence in violation of his due process rights, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

{¶14} Under his sole assignment of error, appellant maintains the trial court's finding of guilt as to the two counts of aggravated assault was against the manifest weight of the evidence.

{¶15} To determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the

4

credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact "lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶16} "The trier of fact is in the best position to evaluate inconsistencies in testimony by observing the witness's manner and demeanor on the witness stand— attributes impossible to glean through a printed record." *State v. Williams*, 11th Dist. Lake No. 2012-L-078, 2013-Ohio-2040, ¶21. Therefore, we must defer to the weight and credibility the trier of fact gave to the evidence in this case. *State v. Barnes*, 11th Dist. Portage No. 2012-P-0133, 2013-Ohio-2836, ¶49; *see also State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. .

{¶17} A judgment of the trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins*, *supra*, at 387.

{¶18} Appellant was found guilty of two counts of assault, in violation of R.C. 2903.13(A), which states: "No person shall *knowingly* cause or attempt to cause physical harm to another * * *[.]" (emphasis added). Appellant was also found guilty of resisting arrest, in violation of R.C. 2921.33(B), which states: "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer." As noted, this count was merged with one count of assault.

{¶19} Appellant argues he did not act "knowingly." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). "The legal concept of 'knowingly' incorporates the scienter requirement that one ought to know one's actions will 'probably cause certain results.' The concept of reasonable probability literally embraces the concept of foreseeability." *State v. Barker*, 11th Dist. Portage No. 2010-P-0044, 2012-Ohio-522, ¶114.

{¶20} The concept of "knowingly" also incorporates "purpose" and "intent." R.C. 2901.22(E) specifically states: "When knowledge suffices to establish an element of an offense, then purpose is also sufficient culpability for such element." R.C. 2901.22(A) defines "purpose" as follows: "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." Therefore, "knowingly" includes "purposeful" and "intentional" conduct.

{¶21} "[A] person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts." *State v. Johnson*, 56 Ohio St.2d 35, 39 (1978) (citations omitted). Furthermore, "[i]t is not necessary that the accused be in a position to foresee the precise consequence of his conduct; only that the consequence be foreseeable in the sense that what actually transpired was natural and logical in that it was within the scope of the risk created by his conduct." *State v. Losey*, 23 Ohio App.3d 93, 96 (10th Dist.1985). Intent can be determined from the surrounding facts

6

and circumstances. *State v. Robinson*, 161 Ohio St. 213 (1954), paragraph five of the syllabus.

**{¶22}** Appellant maintains the state failed to present evidence that he intended to cause injury to the officers, contending the weather conditions were icy and slippery. Appellant denies "leg sweeping the officers" and claims the officers fell because he slipped while he was "trying to push himself back into the home while the officers were pushing him forward." Appellant states that "while he was resisting arrest, he was by law permitted to as the arrest was unlawful." He testified he continued to "resist his arrest" "as the officers dragged him out of the house."

**{¶23}** This court has addressed and rejected a similar argument in *State v. Newsome*, 11th Dist. Ashtabula No. 2003-A-0076, 2005-Ohio-3775. In *Newsome*, we rejected the appellant's contention "that he would have been privileged to forcibly resist the officers provided his arrest [was] unlawful." *Id.* at ¶11. "'In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, *whether or not the arrest is illegal under the circumstances.*'" *Id.*, citing *Columbus v. Fraley,* 41 Ohio St.2d 173 (1975), paragraph three of the syllabus (emphasis sic). In *Newsome*, we clarified this court's holding in *State v. Hendren*, 110 Ohio App.3d 496 (1996), noting that "a citizen may not be convicted of resisting arrest, even by force, if the arrest is unlawful. A lawful arrest is *not* an element of assault on a peace officer." *Id.* at ¶12 (emphasis sic) (citation omitted). Consequently, if the arrest was unlawful and a citizen forcibly

7

resisted arrest, the citizen may not be subject to prosecution for resisting arrest, but would be subject to prosecution for assault on a peace officer. *Id.*

{¶24} Reviewing the evidence admitted in this case, we cannot conclude the trier of fact lost its way in finding that appellant committed the offense of assault on a peace officer. The officers testified that despite their warnings, appellant continually engaged in actions such as throwing his body to the ground, scratching, kicking, and contorting his body to make it extremely difficult for the officers. The trier of fact also heard evidence regarding the injuries the officers sustained as a result of appellant's behavior. While appellant claims the officers slipped on the icy sidewalk and not as a result of a "leg sweep," resolution of "'conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.'" *State v. Grayson*, 11th Dist. Lake No. 2006-L-153, 2007-Ohio-1772, ¶31, quoting *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). "'Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it.'" *Id.*, quoting *Warren v. Simpson*, 11th Dist. Trumbull No. 98-T-0183, 2000 Ohio App. LEXIS 1073, *8 (Mar. 17, 2000). "If the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict." *Id.* (citation omitted).

{¶25} The state submitted substantial evidence in support of appellant's convictions, and a review of that evidence reveals that the state clearly met its burden of persuasion. This court cannot say that the trial court clearly lost its way in coming to its final conclusion regarding appellant's guilt.

{¶26} Under this assigned error, appellant also argues the evidence was against the manifest weight of the evidence to support his conviction of resisting arrest. Because appellant's count of resisting arrest merged into one of the assault counts, no sentence was imposed on that charge; therefore there is no conviction on that charge. Any error with regard to the resisting arrest charge in this case is not relevant. *See In re J.C.*, 11th Dist. Lake No. 2012-L-083, 2013-Ohio-1292, ¶22.

{¶27} Appellant's assignment of error is without merit.

{¶28} The judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.