[Cite as *State v. Degenero*, 2016-Ohio-8514.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2015-T-0104** |
| - vs - | : | |
| DEVON DEGENERO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2015 CR 00176.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Devon Degenero, appeals the judgment of the Trumbull County Court of Common Pleas finding him guilty of robbery, in violation of R.C. 2911.02(A)(3) & (B), after a jury trial. Based on the following, we affirm.

{¶2} It is uncontroverted that appellant visited a Lowe's Home Improvement store where he stole a DeWalt drill kit. At issue is whether appellant used force against a Lowe's employee in committing the theft offense.

{¶3} Jacqueline Taylor, Lowe's head cashier, testified she and appellant encountered each other by the exit located near the cash registers. Ms. Taylor stated that when she saw appellant carrying two DeWalt drill kits, she believed that he needed to check out. Therefore, she began to walk backward toward the register. Instead of checking out, however, appellant thrust one of the drill kits into the right side of her face and headed for the exit with the other in his hands. She testified: "[H]e shoves the combo * * * set towards me and then hits me with the drill. * * * He pushes the one tool towards me and then he proceeds to run out and he hits me."

{¶4} Appellant ran out of the store followed by Ms. Taylor. Ms. Taylor observed appellant jump into an awaiting pick-up truck; she was able to forward the license plate number to authorities. The pick-up truck was driven by John Justice, who also testified at trial.

{¶5} As a result of this incident, Ms. Taylor suffered a swollen cheek and scratches to her arm.

{¶6} Mr. Justice testified he was unaware that appellant was going to steal anything from Lowe's. Instead, appellant had indicated he was going to purchase drywall screws, therefore Mr. Justice chose to remain in his truck while appellant went inside the store. Mr. Justice was waiting in the fire lane when he observed appellant run out of the store and jump into his truck. He testified: "He had jumped in the truck and somebody was – there was a lady that was behind him * * * saying something. I wasn't sure what she was saying. But he jumped in the truck and I see him reaching underneath his shirt and I wasn't sure what was going on." Mr. Justice drove away.

2

{¶7} Ms. Taylor was able to identify both appellant and Mr. Justice from a photo lineup. Further, the jury viewed the surveillance video depicting the incident, as well as a series of photographs taken from the surveillance video.

{¶8} On July 20, 2015, appellant was found guilty by jury verdict of one count of robbery, a third-degree, in violation of R.C. 2911.02(A)(3) and (B). Judgment on the verdict was filed on July 23, 2015.

{¶9} Appellant's sentencing hearing was held on August 18, 2015, and appellant was sentenced to serve a prison term of 24 months. The court also ordered that appellant pay restitution of $249.00. The judgment entry of sentence was filed on August 25, 2015.

{¶10} Appellant filed a timely notice of appeal from the August 25, 2015 judgment, and he asserts two assignments of error on appeal.

{¶11} Appellant's first assignment of error alleges:

{¶12} "The trial court committed reversible error, as a matter of law, by refusing to permit appellant to terminate the services of his court appointed attorney and proceed *pro se.*"

{¶13} The Sixth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, provides that defendants shall have the right to have the assistance of counsel for their defense. While a defendant has a right to counsel, the defendant may also waive that right when the waiver is voluntary, knowing, and intelligent. *State v. Gibson*, 45 Ohio St.2d 366, 377-378 (1976), citing *Faretta v. California*, 422 U.S. 806 (1975). Appellant argues the trial court improperly denied his right to self-representation. A defendant's assertion of the right to proceed pro se must

3

also be clear and unequivocal, and timely. *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, ¶38.

{¶14} In *Cassano*, the Ohio Supreme Court found the defendant's request to invoke his right to self-representation was untimely because it was made only three days prior to trial. *Id.* at ¶40 (collecting cases). "'The constitutional right of self-representation is waived if it is not timely and unequivocally asserted.'" *Id.* at ¶38, quoting *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir.1990). This court has acknowledged that a trial court may predicate "its decision solely on the timing of appellant's request." *State v. Deir*, 11th Dist. Lake No. 2005-L-117, 2006-Ohio-6885, ¶34.

{¶15} Here, defense counsel, on the day of the trial, alerted the trial court that appellant may wish to proceed pro se. The following exchange occurred:

> THE COURT: Mr. Rouzzo, you indicated your client had some concerns?
>
> MR. ROUZZO: Yes, Your Honor. Mr. Degenero, for a lack of a better term, doesn't believe I'm prepared and/or capable to proceed today. I told him I'm ready to go. I've worked on the case. He's indicated he may want to fire me. I don't know if that's true. I just thought that I needed to bring it to the court's attention that he's indicated that he wants to end this relationship and perhaps proceed pro se.
>
> THE COURT: All right. Mr. Degenero.
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: We are going to trial today. You had the opportunity to resolve this case last week. You opted for trial, which is your full right. Everyone is here. It's ready for a trial today. * * *
>
> THE DEFENDANT: Yes, Your Honor, but at the same time, Attorney Rouzzo told me that – I called from the county jail, and he told me that there was evidence that would be suppressed in the

4

case and he's now saying he doesn't feel like doing it. I just feel uncomfortable going forward with him as counsel. I'm not trying to be stubborn or –

THE COURT: Well, you may be uncomfortable. There are certain decisions that are made during the course. Now, I've looked at this case. I didn't see any suppressible issues. You can always file a motion to suppress. It doesn't necessarily result in anything happening from that. Your attorney is a good attorney. He makes good judgment calls. He's made the best judgment calls to this stage. * * *

* * *

MR. ROUZZO: I indicated to Devon that I may intend to suppress some evidence, and I made a strategic call not to do that in this case for two reasons. Number one, I didn't think it benefited us and, number two, it would have been an exercise in futility anyway.

{¶16} Contrary to appellant's assertion on appeal, appellant never expressed his desire to proceed pro se. In fact, it was appellant's counsel, not appellant, that indicated he may wish to proceed pro se. Appellant, when addressed by the trial court, never indicated his desire to invoke his right to self-representation. Instead, appellant expressed concern regarding his counsel's failure to file a motion to suppress. Furthermore, we note that appellant had another attorney appear on the day of trial on his behalf but never requested this attorney represent him.

{¶17} Although appellant expressed his frustration regarding defense counsel's failure to file such a motion, both his defense counsel and the trial court noted that such a motion would have been an exercise in futility. "'[A] motion made out of * * * annoyance or frustration, is not unequivocal – even if the defendant has said he or she seeks self-representation.'" *State v. Marshall*, 4th Dist. Gallia No. 09CA13, 2010-Ohio-1958, ¶20, quoting *People v. Marshall*, 931 P.2d 262, 271 (1997).

5

**{¶18}** Even if we found appellant invoked his right of self-representation, this court must also examine whether it was invoked in a timely manner. The record is devoid of any concerns regarding defense counsel until immediately prior to the start of trial. The right of self-representation "does not exist * * * to be used as a tactic for delay; for disruption; for distortion of the system; or for manipulation of the trial process." *United States v. Frazier-El*, 204 F.3d 553, 560 (4th Cir.2000) (internal citations omitted). Appellant's failure to assert his right to proceed pro se in a timely manner constitutes a separate basis for the trial court's refusal to allow him to represent himself. *See Cassano, supra*, at ¶39-40. *See also Tuitt v. Fair*, 822 F.2d 166, 169 (1st Cir.1987) (upholding denial of request for self-representation where the request was made on the day of trial and it was the first time defendant gave his attorney any notice of dissatisfaction).

**{¶19}** Generally, we review a trial court's denial of a request for self-representation asserted prior to the commencement of trial de novo; when the right is invoked after the commencement of trial we generally review for abuse of discretion. *Marshall, supra,* at ¶19 (citations omitted). The balance in question is primarily the accused's interest in self-representation versus the disruption of proceedings that are already in progress. *Id.* It is unclear which standard of review is employed when, as in the present case, the trial court denies a request for self-representation asserted on the day of trial but prior to voir dire. *State v. Owens*, 9th Dist. Summit No. 25389, 2011-Ohio-2503, ¶18 (citations omitted). This court need not analyze this issue, however, as appellant's assignment of error is based on a claim not supported by the record. Appellant never requested to proceed pro se nor did he seek a continuance to allow him

6

to have other counsel represent him. The trial court properly addressed the concern raised and proceeded with the scheduled trial.

**{¶20}** Appellant's first assignment of error is without merit.

**{¶21}** Appellant's second assignment of error alleges:

**{¶22}** "The appellant's conviction is against the manifest weight of the evidence."

**{¶23}** To determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact "'lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). An appellate court must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

**{¶24}** Appellant acknowledges that his identity as the perpetrator is not an issue. He argues the issue is whether he "used or threatened use of force" in committing the theft offense. *See* R.C. 2911.02(A)(3) ("[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense shall * * * [u]se or threaten the immediate use of force against another"). Appellant maintains that while physical contact occurred between him and Ms. Taylor, it was, in fact, Ms. Taylor that was attempting to block the exit. Appellant argues his actions depicted on the video surveillance and the testimony of Ms. Taylor are inconsistent, as the video does not depict him using any "force."

7

{¶25} Ms. Taylor, testified to the following: "And I see him come towards me. He pushed his one [drill kit] toward me and hit me with the other." Ms. Taylor further stated, "And then he proceeds towards me. And then he shoves one – the combo set towards me and then he hits me with the drill." Ms. Taylor repeatedly testified that she did not step in front of appellant in his attempt to flee the store but, instead, that she was backing away from him in an attempt to make her way toward the register. Appellant, however, proceeded toward her and struck her with one of the tool sets; she stated that she suffered scratches on her left arm and a swollen cheek.

{¶26} The jury viewed the video surveillance, heard the testimony of Ms. Taylor, and viewed photographs that were downloaded from the security surveillance equipment, which generally supports Ms. Taylor's testimony. We are mindful that the jury, as the trier of fact, is entitled to believe all, part, or none of a witness's testimony. *State v. Williams*, 11th Dist. Lake No. 2012-L-078, 2013-Ohio-2040, ¶21 (citation omitted). "The trier of fact is in the best position to evaluate inconsistencies in testimony by observing the witness's manner and demeanor on the witness stand—attributes impossible to glean through a printed record." *Id.*; *see also State v. Barnes*, 11th Dist. Portage No. 2012-P-0133, 2013-Ohio-2836, ¶49 ("we must defer to the weight and credibility the jury gave to the evidence in this case").

{¶27} We cannot conclude the jury lost its way in returning a guilty verdict.

{¶28} Appellant's second assignment of error is without merit.

{¶29} Based on the opinion of this court, the judgment of the Trumbull County Court of Common Pleas is hereby affirmed.

8

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶30} I agree with the majority's well-reasoned opinion in this matter but write separately regarding the standard to be employed by appellate courts when a trial court denies a request for self-representation on the day of trial, but prior to voir dire. As the majority notes we review a trial court's denial of a request for self-representation asserted prior to trial de novo—and when the request is made after the commencement of trial we use an abuse of discretion standard. While it is unclear under Ohio law what standard of review should be used when a trial court denies a request for self-representation on the day of trial, but prior to voir dire, the federal courts long ago weighed in on this issue.

{¶31} The Ninth, Second, and District of Columbia Circuits have held that "the right to self-representation is timely if asserted before the jury is empaneled, at least where there is no suggestion that the motion to defend pro se is a tactic to secure delay." *Chapman v. United States*, 553 F.2d 886, 894 (5th Cir.1977) citing *United States v. Price*, 474 F.2d 1223, 1227 (9th Cir.1973); *United States ex rel. Maldonado v. Denno,* 348 F.2d 12, 16 (2d Cir.1965); *United States v. Dougherty,* 473 F.2d 1113, 1119 (1972). The court's holding in *Denno* is instructive:

{¶32} We hold that if (the defendants) clearly sought to represent themselves, after their cases had been called on the calendar but before the jury had been chosen, they had an unqualified right to have their

9

requests granted. At this stage there was no danger of disrupting proceedings already in progress.

*Id.* at 16.

{¶33} In the humble opinion of this writer, if a defendant seeks to represent themselves on the morning of trial, before the jury is impaneled, and this request is not made for the purposes of delay, appellate courts in Ohio should review a denial by the trial court de novo. Without such a bright-line test, the term "prior to trial" (and the standard of review to be used) is subject to being interpreted twelve different ways by Ohio's twelve appellate courts, none of which gives trial courts any guidance and allows the standard to be applied differently to different defendants. This is contrary to the concept that all defendants are to be treated equally under the law.