[Cite as *State v. Phommavichit*, 2025-Ohio-4993.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

JOHN A. PHOMMAVICHIT,

        Defendant-Appellant.

CASE NO. 2025-L-026

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 000009

---

## OPINION AND JUDGMENT ENTRY

Decided: November 3, 2025
Judgment: Affirmed

---

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Paul J. Lubonovic*, Assistant Public Defender, 100 West Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Appellant, John A. Phommavichit, appeals the judgment of the Lake County Court of Common Pleas that sentenced him, following a jury trial, to an indefinite term of imprisonment of 8 to 12 years on one count of felonious assault, and a concurrent 180-day jail term on one count of domestic violence.  Phommavichit contends the trial court erred by allowing him to waive his right to counsel without an inquiry into his allegation that his appointed counsel was ineffective.  For the following reasons, we affirm.

{¶2}    This case arises from a domestic dispute between Phommavichit and his mother on December 23, 2023.  Phommavichit was arrested at the scene and held in jail without bond.  He signed a speedy trial waiver on January 23, 2024.

{¶3}    In August 2024, a Lake County grand jury indicted Phommavichit on three counts: (1) felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1); (2) strangulation, a second-degree felony, in violation of R.C. 2903.18(B)(1); and (3) domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A).

{¶4}    In September 2024, the trial court granted defense counsel's motion for a competency evaluation.  The following month, the trial court held a competency hearing at which the parties stipulated to the competency evaluation report and its finding of competency.   After the trial court found Phommavichit competent to stand trial, Phommavichit told the court he had already been in jail for ten months without any contact with his mother, the victim, and he had not been provided with any of the evidence against him.  The trial court reviewed the speedy trial waiver Phommavichit signed in January and inquired further into his access to discovery via his appointed counsel, noting the next step after a competency finding was Phommavichit reviewing any discovery with his counsel prior to the plea hearing.

{¶5}    At that point, Phommavichit interjected and told the court he was waiving his right to counsel.  The court engaged in a lengthy colloquy with Phommavichit to determine whether he was making a voluntary, knowing, and intelligent waiver.  The court inquired into his education, drug and alcohol use, legal knowledge and experience; familiarity with trial procedure, rules of evidence, affirmative defenses, mitigation, the dangers of self-representation, and preserving issues for appeal; the court then reviewed the charges and maximum sentences.  The court also explained it would appoint his

appointed counsel as stand-by counsel. The court concluded it would defer Phommavichit's request to waive his right to counsel for a week to allow Phommavichit time to decide and for the court to make a final determination. Phommavichit reiterated the importance of reviewing the evidence against him. He stated he had only received a police report with "falsifications" and had not received any medical reports. His counsel said the issue appeared to be with the jail because his office had already provided much of the discovery, and he would ensure Phommavichit reviewed all the discovery prior to the plea hearing later that month.

{¶6} A week later, at a hearing on Phommavichit's oral motion to waive his right to counsel, Phommavichit told the court he wished to continue having counsel represent him. The court reviewed Phommavichit's counsel had informed both the court and the State that Phommavichit had not received the discovery counsel had hand-delivered to the jail; and the court had spoken with the jail to ensure Phommavichit was given access to the evidence. Phommavichit affirmatively stated he had no other questions or concerns.

{¶7} On November 21, 2024, the trial court held a change of plea hearing at which Phommavichit expressed his wish to proceed to trial and again requested to waive his right to counsel. The court inquired into whether the jail had provided Phommavichit with access to the discovery. Phommavichit reported he had all the documents, but he could not make the external computer storage drive work on the jail's computer to view the police body camera videos. Phommavichit told the court he had informed his attorney the drive was not working. His counsel stated that all the discovery that could be "reduced to paper has been reduced to paper," and that he had played Phommavichit the police footage from his laptop. Counsel further stated he wanted the opportunity to see if he

Case No. 2025-L-026

could make the drive work on the jail's computer. The court told counsel to notify the court if the drive did not work, and the court would ensure an appropriate computer was made available.

{¶8} Several days later, on November 26, a hearing on Phommavichit's second request to waive his right to counsel was held. The court asked Phommavichit if he still wished to represent himself and why. Phommavichit affirmatively responded and stated, "there is a little bit of ineffectiveness with assistance of counsel." The court repeated its lengthy colloquy with him to ensure it was a voluntary, knowing, and intelligent waiver. After the court determined it was, Phommavichit signed a written waiver of his right to counsel, and the court appointed his counsel as stand-by counsel for the jury trial.

{¶9} Prior to the start of the two-day jury trial, the court granted the State's motion to dismiss the strangulation count from the indictment. Phommavichit made an oral motion in limine to prevent the State from introducing into evidence the victim's medical records and the police footage, arguing they should be "tested for authenticity." He believed the medical records were fraudulent, immaterial, and not authentic, and the police body camera footage was "reenacted." The trial court overruled the motion.

{¶10} As relevant to the instant appeal, the State presented as witnesses the victim, the victim's sister, the police officers and emergency service personnel who were at the scene, and the victim's emergency room treating physician. The State's evidence and testimony reflected the police responded to an emergency call at the victim's home in Madison, Ohio. The call had been placed by the victim's sister who was "facetiming" the victim when the altercation occurred. When the police arrived, the victim approached them, requesting assistance. The victim had extensive face and head injuries, including marks on her neck that were consistent with strangulation. The victim grew unresponsive

Case No. 2025-L-026

due to head trauma, and emergency personnel rushed her to the hospital. She was later transferred to a Level 1 Trauma hospital for life-threatening brain hemorrhaging, and emergency surgery was performed. The victim was in the hospital for several weeks after the incident and underwent extensive rehabilitation.

{¶11} The jury returned a verdict of guilty on both counts.

{¶12} At the sentencing hearing a few weeks later, the trial court sentenced Phommavichit to an indefinite prison term of 8 to 12 years on the count of felonious assault, and a concurrent 180-jail sentence on the count of domestic violence.

{¶13} Phommavichit timely appeals, raising one assignment of error for our review:

{¶14} "The trial court violated defendant-appellant's right to counsel when it permitted him to represent himself."

{¶15} "The Sixth and Fourteenth Amendments to the United States Constitution guarantee that every criminal defendant brought to trial in any state has the right to the assistance of counsel in his defense." *State v. McAlpin*, 2022-Ohio-1567, ¶ 45, citing *Faretta v. California*, 422 U.S. 806, 807 (1975). "'[T]he Sixth Amendment right to the assistance of counsel implicitly embodies a "correlative right to dispense with a lawyer's help."'" *Id.*, quoting *Faretta* at 814, quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942). "Thus, '[t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense.'" *Id.*, quoting *Faretta* at 819.

{¶16} "A timely request to waive counsel and self-represent must be granted 'when [a defendant] voluntarily, and knowingly and intelligently elects to do so.'" *Id*. at ¶ 47, quoting *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus.

Case No. 2025-L-026

"[T]he right to represent oneself is not unlimited. For instance, before permitting self-representation, the trial court must ensure that a defendant is 'aware of the dangers and disadvantages of self-representation' so that '"he knows what he is doing and his choice is made with eyes open."'" *Id.*, quoting *Faretta* at 835, quoting *Adams* at 279. "Generally, to be valid, a waiver of the right to ""counsel must be made with an appreciation of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."'" *State v. Yeager*, 2023-Ohio-2541, ¶ 19 (11th Dist.), quoting *State v. Martin*, 2004-Ohio-5471, ¶ 40, quoting *Gibson* at 337, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948).

{¶17} "[I]f a trial court denies the right to self-representation when that right is properly invoked, the denial is, per se, reversible error." *State v. Okoronkwo*, 2023-Ohio-48, ¶ 15 (11th Dist.), quoting *State v. Obermiller*, 2016-Ohio-1595, ¶ 28, citing *State v. Reed*, 74 Ohio St.3d 534, 535 (1996) (further citation omitted). Thus, an appellate court reviews a trial court's denial of a request for self-representation asserted prior to the commencement of trial de novo. *Id.* at ¶ 16, citing *State v. Degenero*, 2016-Ohio-8514, ¶ 19 (11th Dist.).

{¶18} As our review reveals, the trial court twice engaged in an extensive colloquy with Phommavichit, reviewing the serious nature of the charges, possible defenses, the maximum penalty, the risks of self-representation, the rules of evidence, and trial procedure. Furthermore, as required by Crim.R. 44(C), Phommavichit signed a written waiver of his right to counsel in open court acknowledging that his decision to proceed pro se was being made voluntarily, knowingly, and intelligently.

Case No. 2025-L-026

{¶19} Phommavichit argues the trial court should have conducted an inquiry into his allegation that his appointed counsel was ineffective, pursuant to the Supreme Court of Ohio's decision in *State v. Deal*, 17 Ohio St.2d 17 (1969), and without such an inquiry, waiver of his right to counsel could not have been made voluntarily, knowingly, and intelligently.

{¶20} In *Deal*, the Court held that "[w]here, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel, . . . it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record." *Id.* at syllabus. The "'inquiry may be brief and minimal, but it must be made.'" *State v. Ketterer*, 2006-Ohio-5283, ¶ 139, quoting *State v. King*, 104 Ohio App.3d 434, 437 (4th Dist. 1995). This "'limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.'" *State v. Johnson*, 2006-Ohio-6404, ¶ 68, quoting *State v. Carter*, 128 Ohio App.3d 419, 423 (4th Dist. 1998). "To discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." *State v. Coleman*, 37 Ohio St.3d 286 (1988), paragraph four of the syllabus. "The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable." *Deal* at syllabus.

{¶21} At the outset, we note Phommavichit conflates the right to waive counsel with a claim of ineffective assistance of counsel. Regardless, the record reflects Phommavichit did not allege his counsel was ineffective until he orally motioned the court to waive his right to counsel for the second time. When asked by the court why he wanted to represent himself, Phommavichit made a general allegation that "I just feel there are

Case No. 2025-L-026

some – there is a little bit of ineffective assistance of counsel." This was the only time Phommavichit alleged his counsel was ineffective. This vague and general allegation did not trigger the trial court's duty to inquire further. *See Johnson* at ¶ 68. Further, no ineffectiveness or prejudice from counsel's actions is apparent on the record. Both counsel and the trial court ensured Phommavichit had access to all the evidence against him prior to the plea hearing, and Phommavichit had no other issues or concerns at any of the hearings prior to the trial.

{¶22} In light of the trial court's colloquy with Phommavichit on the record and the written waiver Phommavichit signed, it is clear the trial court took the necessary precautions to ensure Phommavichit understood the nature of his decision to proceed pro se and the decision to waive his right to counsel was made knowingly, intelligently, and voluntarily.

{¶23} Phommavichit's assignment of error is without merit.

{¶24} The judgment of the Lake County Court of Common Pleas is affirmed.

ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-026

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

<br>

JUDGE MATT LYNCH

<br>

PRESIDING JUDGE ROBERT J. PATTON,
concurs

<br>

JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-026